Date Signed:
May 29, 2014



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re ZACHARY LATIMER,<br><br>　　　　Debtor. | Case No. 14-0004<br>Chapter 7 |
| MICHAEL and SUE CLARKE,<br><br>　　　　Plaintiffs,<br>　vs.<br><br>ZACHARY LATIMER,<br><br>　　　　Defendant. | Adv. Pro. No. 14-90006<br><br><br><br><br>Re: Docket No. 13 |

## MEMORANDUM OF DECISION ON
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Prior to Zachary Latimer's bankruptcy filing, Michael and Sue Clarke recovered a judgment against him in state court based on theories of constructive fraud and breach of fiduciary duty. The state court granted punitive damages under Idaho law. In this adversary proceeding, the Clarkes seek a determination that the judgment is not dischargeable. They have filed a motion for summary judgment, arguing that the state court's judgment precludes Mr. Latimer from litigating any of

the issues in this case. I will grant the motion in part.

**Jurisdiction and venue.** The bankruptcy court has personal and subject matter jurisdiction. It also has statutory and constitutional authority to enter a final judgment.

**Background.** In 2008, the Clarkes sent Mr. Latimer a total of $1,000,000 to invest. The Clarkes lost virtually all of their investment.

In 2010, the Clarkes sued Mr. Latimer in Idaho state court. Mr. Latimer answered the Clarkes' complaint and amended complaint, and he appeared by telephone at a hearing on a codefendant's motion to dismiss. He did not, however, respond to the Clarkes' motions for summary judgment against him.

In 2011, the Idaho court entered summary judgment in favor of the Clarkes on their claims for constructive fraud and breach of fiduciary duty. The court made no written findings of fact or conclusions of law.

In 2012, the state court granted punitive damages. The court explained its decision as follows:

> Relying on the criteria stated in Idaho Code § 6-1604, the Court finds after weighing all evidence presented in support of this motion that the Plaintiffs have proven an entitlement to punitive damages.
>
> The Plaintiffs established by undisputed evidence that Mr. Latimer's conduct was fraudulent. Mr. Latimer misled the Plaintiffs about the nature, safety, security, and liquidity of the investments he intended to make with the Plaintiff's $1,000,000.00 investment. Notwithstanding these assurances that their investment was safe and
2

secure, Mr. Latimer took the Plaintiffs' money and made high-risk and unsecured investments and ultimately lost all of the $1,000,000.00. Moreover, Mr. Latimer falsely represented that Investment I (the initial $500,000.00) was returning the promised yields in order to entice the Plaintiffs to make a second $500,000.00 investment. Such conduct constitutes an extreme deviation from reasonable standards and warrants an award of punitive damages.

Mr. Latimer filed for bankruptcy protection in January 2014. The Clarkes filed this adversary proceeding seeking to except their debt from discharge under sections 523(a)(2)(A) and 523(a)(4).

The Clarkes have now moved for summary judgment, claiming that their Idaho state judgment has preclusive effect and entitle them to summary judgment. The defendant, on the other hand, argues that the judgment lacks preclusive effect and that there are disputed issues of material fact.

**Standard.** Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.[1] Summary judgment should be granted against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[2]

**Issue Preclusion.** The plaintiff argues that the Idaho judgment has issue

---

[1] Fed. R. Civ. P. 56(c), Fed. R. Bankr. P. 7056.

[2] *Huey v. Honeywell, Inc.*, 82 F.3d 327, 334 (9th Cir. 1996) (quoting *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)).

U.S. Bankruptcy Court - Hawaii   #14-90006   Dkt # 26   Filed 05/29/14   Page 3 of 11

preclusive effect. I agree.

A federal court applies state law to determine the preclusive effect of a state court's judgment.[3] For example, if a default judgment would have preclusive effect under the state law of the rendering court, then it has the same preclusive effect in federal court. The usual rules of issue preclusion apply in actions under section 523.[4]

Under Idaho law, issue preclusion applies if five criteria are met:

> (1) the party against whom the earlier decision is asserted had a full and fair opportunity to litigate the issue decided in the earlier case; (2) the issue decided in the prior litigation was identical to the issue presented in the present action; (3) the issue sought to be precluded was actually decided in the prior litigation; (4) there was a final judgment on the merits in the prior litigation; and (5) the party against whom the issue is asserted was a party or in privity with a party to the litigation.[5]

The first, third, fourth, and fifth criteria are satisfied in this case. Although Mr. Latimer did not participate throughout the state court litigation, he had a full and fair opportunity to do so. Under Idaho law, default judgments have preclusive effect.[6] This is so even where, as here, the defendant lacked resources to pay the cost of

---

[3] *Gayden v. Nourbaksh (In re Nourbakhsh)*, 67 F.3d 798, 800 (9th Cir. 1995) (citing *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985)).

[4] *Grogan v. Garner*, 498 U.S. 279 (1991).

[5] *In re Elias*, 302 B.R. 900, 911 (Bankr. D. Idaho 2003) subsequently aff'd sub nom. *Elias v. Dominguez*, 191 F. App'x 567 (9th Cir. 2006).

[6] *Waller v. State, Dept. of Health and Welfare*, 146 Idaho 234 (Idaho 2008).

U.S. Bankruptcy Court - Hawaii    #14-90006    Dkt # 26    Filed 05/29/14    Page 4 of 11

litigation and filed bankruptcy after entry of a default judgment.[7] The Idaho state court actually decided all of the issues that were necessary to support its judgment. The judgment is a final judgment on the merits, and Mr. Latimer was a party to the action.

The second criterion requires me to consider the extent to which the issues in the Idaho case are the same as the issues in this case.

**Section 523(a)(2)(A).** The plaintiffs argue that the Idaho judgment for constructive fraud entitles them to summary judgment in this adversary proceeding under section 523(a)(2)(A).

To obtain a judgment for constructive fraud under Idaho law, the plaintiff must prove seven elements:

1. A statement or a representation of fact;
2. The statement's falsity;
3. The statement's materiality;
4. The hearer's ignorance of the falsity of the statement;
5. Reliance by the hearer;
6. Justifiable reliance; and
7. Injury.[8]

Unlike actual fraud, the plaintiff does not have to prove that the defendant knew that

---

[7]*In re Elias*, 302 B.R. 900, 904 n.2, 911 (Bankr. D. Idaho 2003) subsequently aff'd sub nom. *Elias v. Dominguez*, 191 F. App'x 567 (9th Cir. 2006). Mr. Latimer cites *Silva v. Smith's Pac. Shrimp (In re Silva)*, 190 B.R. 889 (B.A.P. 9th Cir. 1995) for the proposition that an unopposed summary judgment does not have issue preclusion effect. *Silva* was not governed by Idaho law, and Idaho gives issue preclusive effect to default judgments.

[8]*Gray v. Tri-Way Const. Svcs., Inc.*, 147 Idaho 378, 386 (Idaho 2009).

the statement was false and intended that the hearer rely on it.[9]

To prevail under section 523(a)(2)(A), the plaintiffs must prove five elements:

1. Misrepresentation, fraudulent omission, or the debtor's deceptive conduct;
2. Knowledge of the falsity or deceptiveness of his statement or conduct;
3. An intent to deceive;
4. Justifiable reliance by the creditor on the debtor's statement or conduct; and
5. Damage to the creditor proximately caused by its reliance on the debtor's statement or conduct.[10]

These are essentially the same as the nine elements of an actual fraud claim under Idaho law. But constructive fraud under Idaho law does not require a showing of "knowledge of the falsity or deceptiveness of [the] statement or conduct" or "an intent to deceive."

Therefore, the Idaho court's judgment on the constructive fraud claim did not determine that Mr. Latimer knew his statements were false or deceptive and intended to deceive the plaintiffs.

The Clarkes argue that the Idaho court found knowledge and intent in its decision to award punitive damages. Punitive damages are regulated by an Idaho statute:

> In any action seeking recovery of punitive damages, the claimant must prove, by clear and convincing evidence, oppressive, fraudulent,

---

[9] *Id.*

[10] *Oney v. Weinberg (In re Weinberg),* 410 B.R. 19, 35 (B.A.P. 9th Cir. 2009).

6

U.S. Bankruptcy Court - Hawaii    #14-90006    Dkt # 26    Filed 05/29/14    Page 6 of 11

malicious or outrageous conduct by the party against whom the claim for punitive damages is asserted.[11]

The Idaho courts have described the standard for punitive damages as follows:

> The issue of punitive damages revolves around whether the plaintiff is able to establish the requisite intersection of two factors: a bad act and a bad state of mind. The action required to support an award of punitive damages is that the defendant acted in a manner that was an extreme deviation from reasonable standards of conduct, and that the act was performed by the defendant with an understanding of or disregard for its likely consequences." The mental state required to support an award of punitive damages is an extremely harmful state of mind, whether that be termed malice, oppression, fraud or gross negligence; malice, oppression, wantonness; or simply deliberate or willful.[12]

The Idaho court's findings supporting its award of punitive damages are not sufficient to preclude relitigation of the issues of knowledge and intent. Although the court said that Mr. Latimer's conduct was fraudulent, it is not clear that the court was referring to actual fraud or constructive fraud, either of which might support an award of punitive damages under Idaho law. Similarly, the court's statement that Mr. Latimer misled the Clarkes is not necessarily the same as a finding that Mr. Latimer knew his statements were false or deceptive and intended to deceive the Clarkes.

In short, the Idaho judgment precludes Mr. Latimer from relitigating the issues of:

---

[11] Idaho Code Ann. § 6-1604.

[12] *Seiniger Law Office, P.A. v. N. Pac. Ins. Co.*, 145 Idaho 241, 250, 178 P.3d 606, 615 (2008) (citations and quotation marks omitted).

7

U.S. Bankruptcy Court - Hawaii   #14-90006   Dkt # 26   Filed 05/29/14   Page 7 of 11

1. Misrepresentation, fraudulent omission, or the debtor's deceptive conduct;

\* \* \*

4. Justifiable reliance by the creditor on the debtor's statement or conduct; and

5. Damage to the creditor proximately caused by its reliance on the debtor's statement or conduct.

The state court's determination that Mr. Latimer is personally liable to the Clarkes also precludes him from arguing that Mr. Latimer's company, and not Mr. Latimer personally, are liable to the Clarkes. The Clarkes are entitled to partial summary judgment on those issues.

The state court's judgment does not, however, preclude Mr. Latimer from litigating the issues of:

2. Knowledge of the falsity or deceptiveness of his statement or conduct; [and]

3. An intent to deceive . . . .

**Section 523(a)(4).** As an alternative basis to except their debt from discharge, the plaintiffs argue that their judgment for breach of fiduciary duty entitles them to summary judgment. I disagree.

Section 523(a)(4) excepts from discharge a debt the debtor incurred "for fraud

8

or defalcation while acting in a fiduciary capacity . . . ."[13] Thus, the Clarkes must prove that Mr. Latimer acted in a fiduciary capacity and committed fraud or defalcation. Federal law defines "fiduciary capacity" and "fraud or defalcation."[14]

The Ninth Circuit has adopted a narrow definition of "fiduciary capacity."[15] The defendant acted in a fiduciary capacity if there was either 1) an express trust or 2) a technical trust.[16]

The Idaho judgment does not establish that the defendant acted in a fiduciary capacity within the meaning of section 523(a)(4). The Clarkes' complaint alleged that Mr. Latimer owed them a fiduciary duty because he held himself out as an investment adviser. There was no allegation of an express or technical trust[17] and the Idaho court did not find that either an express or a technical trust existed. Therefore, the Idaho judgment does not establish that the plaintiff acted in a fiduciary capacity under section 523(a)(4). (The judgment does conclusively establish that Mr. Latimer held himself out as an investment advisor.)

The Clarkes' evidence to date is also insufficient to support a summary

---

[13] 11 U.S.C. § 523(a)(4).

[14] *Cal-Micro, Inc. v. Cantrell (In re Cantrell)*, 329 F.3d 1119, 1125 (9th Cir. 2011).

[15] *Id.*

[16] *Id.*

[17] Dkt. 14-1 at 40.

9

U.S. Bankruptcy Court - Hawaii   #14-90006   Dkt # 26   Filed 05/29/14   Page 9 of 11

judgment on the issue of "fiduciary capacity." In his declaration filed in this case, Michael Clarke testified that Mr. Latimer told him that the Clarkes' funds would be held in an escrow account.[18] Mr. Clarke's declaration filed in state court suggests that someone other than Mr. Latimer was supposed to be the escrow holder (the fiduciary holding the account).[19] Thus, the record to date does not establish that Mr. Latimer acted in a fiduciary capacity.

To prove that an individual committed "defalcation," the Supreme Court requires the plaintiffs to prove two elements. First, the plaintiffs must prove that there was a substantial and unjustified risk that a fiduciary duty would be breached.[20] And, second, the plaintiffs must prove that the debtor either consciously disregarded the risk, or that he was willfully blind to that risk.[21]

The plaintiffs have not proven that the defendant committed fraud or defalcation. The Idaho judgment is based on constructive fraud. However, section 524(a)(4) requires the plaintiffs to prove actual fraud.[22] Additionally, the plaintiffs

---

[18] Dkt. 14-2 at 2.

[19] Dkt. 14-2 at 7, 10.

[20] *Bullock v. BankChampaign, N.A.*, 133 S.Ct. 1754, 1757-60 ("We hold that [defalcation] includes a culpable state of mind requirement . . . ."); Johnathan S. Byington, *The Challenges of the New Defalcation Standard*, 88 Am. Bankr. L. J. 3, 37-38 (2014).

[21] *Id.*

[22] *Neal v. Clark*, 95 U.S. 704, 709 (1878).

10

U.S. Bankruptcy Court - Hawaii   #14-90006   Dkt # 26   Filed 05/29/14   Page 10 of 11

have not proven that the defendant committed defalcation. All that the Idaho judgment established is that the defendant breached a fiduciary duty. It does not prove that there was a substantial and unjustified risk or that the defendant either consciously disregarded or was willfully blind to that risk.

**Conclusion.** The Clarkes' motion is granted in part. I hold that Mr. Latimer made misrepresentations, fraudulent omission, or engaged in deceptive conduct, upon which the Clarkes justifiably relied, and which proximately caused the Clarkes to suffer damages in the amount specified in the Idaho judgment. On all other issues, the motion is denied.

**END OF DECISION**

U.S. Bankruptcy Court - Hawaii   #14-90006   Dkt # 26   Filed  05/29/14   Page 11 of 11